```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

ANTHONY HINES,                        :
                                      :
        Plaintiff,                    :
                                      :
vs.                                   :   CIVIL ACTION 06-0872-CG-M
                                      :
HABIB YAZDI,                          :
                                      :
        Defendants.                   :


## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding <u>pro se</u>, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), is now before the Court for Plaintiff's failure to pay the partial filing fee.

Upon review of Plaintiff's complaint and Motion to Proceed Without Prepayment of Fees (Docs. 1, 2), Plaintiff was ordered to file his complaint and Motion to Proceed Without Payment of Fees on this Court's current forms by February 5, 2007. Plaintiff re-filed his complaint and Motion to Proceed Without Prepayment of Fees on January 22, 2007 (Docs. 4, 5). After review of Plaintiff's Amended Motion to Proceed Without Prepayment of Fees (Doc. 5), the Court ordered Plaintiff to pay a $2.00 partial filing fee within twenty days (Doc. 6). Plaintiff was warned that his failure to comply with the Order within the prescribed

time would result in the dismissal of his action.

On March 7, 2007, a Report and Recommendation was entered to dismiss Plaintiff's action for failure to prosecute this action by paying the partial filing fee (Doc. 8).  Plaintiff filed an objection to the Report and Recommendation on March 19, 2007 (Doc. 9).  On May 21, 2007, an Order was entered withdrawing the Report and Recommendation and Plaintiff was ordered by June 15, 2007, to file a printout of his prisoner account reflecting deposits from January 12, 2007, until the date that he sends in the printout (Doc. 11).  On June 8, 2007, Plaintiff filed a copy of his prisoner account information (Doc. 12).  On July 16, 2007, upon review of Plaintiff's prisoner account information, Plaintiff was ordered pay a $2.00 partial filing fee within twenty days (Doc. 14).  Plaintiff was again warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action.  To date, Plaintiff has not paid the partial filing fee, but has filed a letter regarding his sentence and a letter requesting help with jail credits (Docs. 15, 18).

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the partial filing fee, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure as no other lesser sanction will suffice. <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983). <u>Accord</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed _de novo_ and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 29th day of August, 2007.

                                           s/BERT W. MILLING, JR.
                                           UNITED STATES MAGISTRATE JUDGE